UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMPARA FERREIRA and PIERRE A. MONNESTIME,<br><br>Plaintiffs,<br><br>v.<br><br>207 Broad LLC, Paramount Assets, and Daniel R. Lindemann,<br><br>Defendants. | Civil Action No. 25-11809 (JXN) (JRA)<br><br>**MEMORANDUM ORDER** |

**NEALS**, District Judge

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Pierre A. Monnestime's ("Monnestime" or "Plaintiff") application to proceed *in forma pauperis* ("IFP Application") (ECF No. 1-2), and Motion to Vacate Default Judgment with Counterclaims (the "Motion") (ECF No. 1) and *ex parte* "Emergency TRO Request" ("*ex parte* TRO Application") (ECF No. 1-1). For the reasons set forth below, Plaintiff's IFP Application, Motion, and *ex parte* TRO Application are **DENIED**.

**I.   BACKGROUND**

This case arises out of a tenancy proceeding being litigated in the Superior Court of New Jersey, Law Division, Special Civil Part, Union County ("State Court"), captioned *207 Broad LLC v. Ferreira Amparo*, *et al*. UNN-L-000463-25 (the "State Court Action"). Based on the papers filed in connection with the instant Motion, it appears that on June 6, 2025, State Court Judge Daniel R. Lindemann, J.S.C. ("Judge Lindemann") entered an Order granting Final Judgement by Default for $86,979.30 plus costs in favor of 207 Broad LLC and against Pierre A. Monnestime ("Monnestime") and his State Court co-defendant Amparo Ferreira ("Ferreira"), (the "State Court

Order"). (*See* ECF No. 1-5 at *2.) The State Court Order also denied Ferreira and Monnestime's motions to vacate default finding as follows:

> Record demonstrates appropriate supporting proofs and evidence to support a liquidated claim amount to enable the entry of Judgment to include the liquidated damages proved appropriately herein.
>
> Def Ferreira and Def Monnestime each filed a Motion to Vacate, and neither of these related Motions demonstrated the requisite record to support relief. Each purported (sic) to contend that service had not been properly effected, which postion (sic) were entirely undermined and defeated by the existing proofs of service on each Def, and the fact that they each concede that service was effected on someone from their family, and that they actually had physical possession of the Complaint, and the instant motion, but nevertheless each did not provide the requisite record to support his motion.

(*Id.*)

On June 16, 2025, Monnestime initiated this action by filing the instant Motion seeking to (1) vacate the State Court's default Judgment for fraud, lack of jurisdiction, and violation of due process; (2) assert counterclaims against 207 Broad LLC and Paramount Assets for Fraudulent Misrepresentation (18 U.S.C. § 1962 – [Racketeer Influenced and Corrupt Organizations Act ("RICO")]), Breach of Contract (failure to list business name on lease), and Unfair Business Practices (NJ Consumer Fraud Act); and (3) requests "sanctions against Judge Lindemann for ignoring evidence of improper service and unfair ruling (42 U.S.C. § 1983 - Civil Rights Violation)." (ECF No. 1 at *1.)[1] Plaintiff filed several documents in connection with this Motion, including an e*x parte* TRO Application, in which Monnestime asks this Court to "halt enforcement of a fraudulent state court judgment." (ECF No. 1-1.) Additionally, he filed a "RICO Case Statement" in which Monnestime, appears to assert on his behalf and behalf of his fellow State Court co-defendants Ferreira and Alexander Diaz ("Diaz"), counterclaims against 207 Broad LLC

---

[1] Pin-cites preceded by an asterisk (*) refer to the pagination atop the CM/ECF header.

and State Court Judge Daniel R. Lindemann, J.S.C. ("Judge Lindemann") (collectively "Defendants") under the Racketeer Influenced and Corrupt Organizations Act pursuant to 18 U.S.C. § 1962(c), and for Mail Fraud pursuant to 18 U.S.C. § 1341, and Wire Fraud pursuant to 18 U.S.C. § 1343. (*See* ECF No. 1-3 at *1-2.)

## I. IFP SCREENING

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*—without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a).... Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). The IFP statute requires that a plaintiff demonstrate financial need through the submission of a complete financial affidavit. *See Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, No. 24-0105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) (citing 28 U.S.C. § 1915(a)).

Here, Monnestime filed an IFP Application that consists of one, partially completed, page from this District's five-page IFP application form and also fails to include his signature in the "Affidavit in Support of his Application" section on the first page of the form. (*See* ECF No. 1-2.) Plaintiff has not provided all the necessary information requested in the application instructions, which requires applicants to "[c]omplete all questions in [the] application and then sign it. Do not leave any blanks: if the answer to a question is 'O,' 'none,' or 'not applicable (N/A),' write that response." (*See* ECF No. 1-2 at *1.) Accordingly, the Court finds that Plaintiff's IFP Application is deficient and will deny the IFP application without prejudice.

## II. COMPLAINT SCREENING[2]

Notwithstanding the denial of the IFP application, the Court proceeds to screen Plaintiff's claims in an effort to "conserve judicial resources" later. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citation omitted).

The Court may dismiss any claims that are "(1) ... frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). The Court recognizes that it must liberally construe Plaintiff's submission because he is proceeding *pro se. See Dluhos v. Strasberg,* 321 F.3d 365, 373 (3d Cir. 2003) ("[W]e must liberally construe the *prose* litigant's pleadings, and we will apply the applicable law, irrespective of whether he has mentioned it by name."); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

### A. Claims on Behalf of Others

As a preliminary matter, any claims that Plaintiff asserts on behalf of his State Court co-defendants cannot proceed.[3] Under 28 U.S.C. § 1654, parties "may plead and conduct their own

---

[2] While Plaintiff did not file a Complaint as a separate pleading in this matter, Plaintiff's Motion contains a brief recitation of facts, lists the claims he seeks to assert against Defendants, as well as his requested relief. Therefore, for screening purposes, the Court will treat the Motion as the operative Complaint in this matter. Further, as noted above, Plaintiff also filed a RICO Case Statement in connection with the instant Motion. (*See* ECF No. 1-3.) The Court notes that, "[a] plaintiff properly files a RICO case statement only when *a judicial officer has requested that the plaintiff file a RICO case statement.*" *Crete v. Resort Condominiums Int'l, LLC*, No. CIV.A. 09-5665, 2011 WL 666039, at *4 (D.N.J. Feb. 14, 2011) (quoting L. Civ. R. 16.1(b)(4) ("In a civil action arising under [the RICO provisions], the Judge or Magistrate Judge may require a RICO case statement to be filed and served ...."))). Here, no judicial officer has ordered Plaintiff to file a RICO Case Statement. As a result, Plaintiff's RICO Case Statement will be treated as the "equivalent to a supplemental pleading." *See HT of Highlands Ranch, Inc. v. Hollywood Tanning Syss.,* 590 F.Supp.2d 677, 692 (D.N.J. 2008) (citation omitted).

[3] The Court notes that while both Ferreira and Monnestime appear as named Plaintiffs on the docket and are listed in the case caption of several of the documents filed by Monnestime in connection with the instant Motion and *ex parte*

cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Thus, while Plaintiff may represent himself *pro se*, a person who is not a licensed and admitted attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).

As relief, Plaintiff seeks a wide range of remedies to avoid the enforcement of the Final Judgment by Default entered against him, including injunctive relief barring Defendants from further collection efforts, vacation of the default judgment entered in the State Court Action; dismissal of 207 Broad LLC's claims with prejudice; monetary damages; and sanctions against Judge Lindemann. (*See* ECF Nos. 1 at *3 and 1-3 at *2.) The Court concludes that none of Plaintiff's claims or requests for relief are viable because this Court cannot grant relief that disturbs the State Court's entry of Final Judgment by Default,[4] and Plaintiff fails to state a claim.

First, to the extent that Plaintiff seeks this Court's review over an action in State Court, this Court does not have jurisdiction to review state court proceedings. *In re Diet Drugs,* 282 F.3d 220, 240 (3d Cir. 2002) (noting that "[u]nder the *Rooker-Feldman* doctrine, inferior federal courts lack

---

TRO Application (*see* ECF Nos. 1 at *1; 1-1 at *3; 1-1 at *2-3 1-4 at *2), Monnestime's signature is the only one that appears on these documents (*see* ECF Nos. 1 at *3; 1-1 at *2-3; 1-4 at *2).

[4] The Court also notes "that the proper procedure for review of a state court decision is to appeal through the state appellate process." *Diehl v. Connell*, 382 F. App'x 127, 128 (3d Cir. 2010).

subject matter jurisdiction to review, directly or indirectly, state court adjudications," and "[r]eview of such adjudications must be pursued in the state appellate system, and, if necessary, by way of review of the state's highest court in the United States Supreme Court") (citing *Rooker v. Fid. Tr. Co.,* 263 U.S. 413, 416 (1923)). Accordingly, the Court lacks subject matter jurisdiction over this action.

Second, Plaintiff has failed to identify how Defendants were involved in the alleged wrongdoing underlying his counterclaims. A complaint's claims must also be supported by "a short and plain statement ... showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To evaluate compliance with this rule, the Court asks "whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). Beyond listing the named Defendants and making a few bare-bones allegations (see ECF Nos. 1 at *1-3; 1-3 at *1-2), Plaintiff does not explain what conduct by any of the Defendants gave rise to his claims. Therefore, Plaintiff fails to provide Defendants with adequate notice of the particular nature of the claims being asserted against them, and dismissal on this ground is required. *See Isaac v. Sigman*, No. 16-5345, 2017 WL 2267264, at *5 (D.N.J. May 24, 2017) ("Plaintiff does not direct any of her claims against any particular Defendant, nor does she even mention any of the defendants in the body of the complaint."); *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015) (holding that "conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss).[5]

---

[5] Because the Court has found that Plaintiff's "counterclaims" are facially deficient for this reason, the Court does not consider whether other grounds to dismiss Plaintiff's claims exist.

Lastly, to the extent Plaintiff seeks a temporary restraining order pursuant to Federal Rule of Civil Procedure 65, the application is denied for several reasons. As explained above, Plaintiff fails to allege sufficient facts in support of his claims against any of the Defendants involved in the State Court Action he complains about. Further, Rule 65 requires that any restraining order must set out "its terms specifically," "the act or acts restrained or required," and the parties who are bound by it. Fed. R. Civ. P. 65(d). Plaintiff's *ex parte* TRO Application provides none of this necessary detail. Further, Plaintiff's allegations concerning the "fraudulent" State Court Action "essentially appeal[] from [a] state-court judgment[]" and "complain[] of injuries caused by the state-court judgment[]," in which case, as noted above, the *Rooker-Feldman* doctrine bars this Court from exercising jurisdiction. *Vuyanich v. Smithton Borough*, 5 F.4th 379, 384–85 (3d Cir. 2021) (citations omitted).

### III.  CONCLUSION

For the reasons set forth above and for other good cause shown,

**IT IS** on this 17th day of June, 2025,

**ORDERED** that:

1. Plaintiff's IFP Application (ECF No. 1-2) is **DENIED**;

2. All counterclaims in Plaintiff's Motion (ECF No. 1) and RICO Case Statement (ECF No. 1-3) are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e);

3. Plaintiff's Motion (ECF No. 1) and e*x parte* TRO Application (ECF No. 1-1) are **DENIED**;

4. Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Memorandum Order by (i) paying the $405 filing fee or filing a new application to proceed *in forma pauperis*, the form of which is attached to this Order; and (ii) filing an amended complaint;

5. If Plaintiff fails to file an amended complaint within the thirty (30) days, the Complaint will be dismissed with prejudice;

6. Upon receipt of a new application to proceed *in forma pauperis* and an amended complaint within the time allotted by this Court, the Clerk will be directed to reopen this case; and

7. The Clerk's Office is directed to **CLOSE** this matter and serve on Plaintiff by regular U.S. mail this Memorandum Order, a blank IFP Form, and a blank *pro se* complaint form to assist him in his efforts to amend his complaint.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge